COMMON PLEAS COURT
BELMONT CO. OH

IN THE COURT OF COMMON PLEAS OF BELMONT COUNTY, OHIO

2018 MAY 3 PM 1 02

BARBARA FEHER and
JOHN FEHER,
53295 Wegee Rd.
Shadyside, OH 43947

DAVID S. TROUTEN JR.
CLERK OF COURT

        Plaintiffs,

vs.

CASE NO. 18CV178

XTO ENERGY, INC.
Corporation Service Company
50 W. Broad St., Suite 1330
Columbus, OH 43215

Frank A. Fregiato

and

ASCENT RESOURCES, UTICA, LLC
Capitol Corporate Services, Inc.
4568 Mayfield Rd., Ste. 204
Cleveland, OH 44121

        Defendants.

## COMPLAINT

NOW COME the Plaintiffs, Barbara and John Feher, husband and wife, who for their complaint against the Defendants, XTO Energy, Inc. and Ascent Resources, Utica, LLC, state as follows:

1.     The Plaintiffs, Barbara and John Feher, wife and husband, have been at all times material and relevant herein, residents of Mead Township, Belmont County, Ohio.

2.     Upon information and belief, the Defendant, XTO Energy, Inc. (hereinafter "XTO") is and has been at all times material and relevant herein, a for profit corporation organized and existing under the laws of the State of Delaware with its principal place of



BORDAS
AND
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

1

business at 810 Houston Street, Fort Worth, TX 76102. Defendant XTO is licensed to do business in the State of Ohio.

3. Upon information and belief, the Defendant, Ascent Resources, Utica, LLC (hereinafter "Ascent") is and has been at all times material and relevant herein, a for profit corporation organized and existing under the laws of the State of Oklahoma with its principal place of business in Oklahoma City, OK. Defendant Ascent is licensed to do business in the State of Ohio.

4. The Plaintiffs, Barbara and John Feher, executed an oil and gas lease agreement on or about August 16, 2006 with EOG Resources, Inc. covering 81.007 mineral acres located in Mead Township, Belmont County, Ohio.

5. Defendant XTO acquired the EOG lease referenced in paragraph 4 above, as well as other EOG leaseholds, and thereafter created oil and gas production unit(s) which include the property covered by the Feher lease.

6. Defendant Ascent has indicated to the Plaintiffs that it owns a 5% interest in the oil and gas production associated with the subject lease and the related oil and gas production unit(s).

7. Defendant XTO and Defendant Ascent have operated oil and gas production units including the Feher lease and have marketed and sold oil and gas related products related to the Feher lease.

8. Defendant XTO and Defendant Ascent have both improperly and in violation of the Feher lease agreement deducted post-production costs from the royalty share payable to the Fehers under the Feher lease agreement.

9. The Feher lease does not contemplate or permit the deduction of post-production costs from the Feher royalty share.

10. The Feher lease includes the following "GAS" "Royalty" language at section B(2) of the agreement:

> To pay Lessor an amount equal to one-eighth of the revenue realized by Lessee for all gas and the constituents thereof produced and marketed from the Leasehold during the preceding month. Lessee may withhold Royalty payment until such time as the total withheld exceeds fifty dollars ($50.00).

11. As provided in the lease agreement the royalty share to be paid to the Lessor must be based upon "the revenue realized by Lessee for all gas and the constituents thereof produced and marketed from the Leasehold."

12. The term "revenue" in its common dictionary, legal and accounting definitions means total income, gross income, gross receipts, and/or the total income produced by a given source.

13. The term "revenue" does not implicate or suggest in any way that any deductions, adjustments and/or net income considerations are to be taken into account in the determination of the royalty share payable to the mineral owner under the lease at issue.

14. Plaintiff John Feher was concerned about the appearance of "deductions" from his and his wife's royalty share and reached out to Defendant XTO to question those deductions.

15. In response, Defendant XTO cited Mr. Feher to an incorrect lease and incorrect lease language purporting to support its deduction of post-production costs from the Feher royalty share.

3

16. Plaintiff John Feher learned and realized that Defendant XTO was not referring to the correct lease agreement and/or lease language in support of its alleged right to deduct post-production costs and asked Defendant XTO to send him copies of the complete lease agreements at issue.

17. Defendant XTO, thereafter, sent Mr. Feher copies of the Plaintiffs' lease agreements and conceded that it had identified the incorrect lease and lease language in its previous response to Mr. Feher.

18. Defendant XTO, thereafter, cited the "revenue realized" language from the applicable lease, but attempted to justify its deduction of costs by incorrectly and inappropriately explaining that "[r]evenue realized is the amount of money realized after Lessee pays for post-production costs."

19. Defendant XTO's explanation is not correct or in accordance with the generally accepted definition of the term "revenue" and was an improper and bad faith attempt to justify its improper and unwarranted deduction of post-production costs from the Feher royalty share.

20. Defendant Ascent has submitted royalty payments to the Plaintiffs wherein it has also improperly deducted post-production costs from the Feher royalty share.

21. The Feher lease clearly stated that the royalty share payable to the Fehers would be based on the revenue realized from the sale of oil and gas products related to the Feher property.

## CLASS ACTION ALLEGATIONS

22. Upon information and belief, the lease language used in the Feher lease regarding gas royalty payments was used in other lease agreements entered into between Ohio mineral owners and EOG Resources, Inc.

23. Upon information and belief, Defendant XTO has obtained some or all the EOG Resources, Inc. leases which would include that same royalty language.

24. Upon information and belief, Defendant XTO and its affiliates and/or additional assigns have deducted post-production costs from all other oil and gas lessor royalty shares who have the same royalty language at issue in the Feher lease agreement.

25. Pursuant to Rule 23 of the Ohio Rules of Civil Procedure the Plaintiffs bring their claims for breach of contract and unjust enrichment on behalf of all individuals who executed lease agreements with EOG, whose leases included the same "revenue realized" language, and who have had post-production costs deducted from their royalty share.

26. Certification of the Plaintiffs' claims for class-wide treatment is appropriate, as the Plaintiffs can prove the elements of their claims on a class-wide basis using the same exclusive and common evidence as would be used to provide those elements in individual actions alleging the same claims.

27. Numerosity. The Plaintiffs do not know the exact number of Class members, but believe the members of the Class are so numerous that joinder of all members is impracticable.

28. Commonality. Well-defined, identical legal and factual questions affect all Class members. These questions predominate over questions that might affect individual Class members. These common questions include, but are not limited to, the following:

    a. Whether the lease language at issue contemplated or permitted the deduction of any post-production costs from the lessor's royalty share?

    b. Whether the Plaintiffs are entitled to a judgment that the deduction of post-production costs from the lessor's share in this situation was a breach of contract?

    c. Whether the Plaintiffs are entitled to judgment that the actions of the defendants in deducting post-production costs from the lessor's royalty share violated the breach of the implied covenant of good faith and fair dealing?

    d. Whether the Plaintiffs are entitled to a declaratory judgment that no post-production costs may be deducted from the lessor's royalty share at any point based on the lease language at issue in this case?

    e. Whether the Defendants committed the conversion of the Plaintiffs property?

    f. Whether the Defendants have been unjustly enriched at the expense of the Plaintiffs by the retention of monies which should have been payable unto the Plaintiffs?

    g. Whether the Defendants breached the fiduciary duty that it owed to its lessors by deducting post-production costs from royalty shares when the lease language did not permit such deductions?

6

h. Whether punitive damages are appropriate to punish and deter this conduct at issue and to deter future similar conduct?

29. Typicality. The Plaintiffs claims are typical of the claims of the Class. Plaintiffs and all Class members were injured through the deduction of post-production costs when the lease agreement entered into by the lessors did not permit the deduction of such alleged post-production costs. The same events and conduct that gave rise to the Plaintiffs' claims are identical to those giving rise to the claims of every other Class member because each Plaintiff and Class member is a person that has suffered harm as a result of the Defendants' deduction of post-production costs from the lessor's royalty share.

30. Adequacy. Plaintiffs will fairly and adequately protect Class members' interests. Plaintiffs have no interest antagonistic to Class member's interests. Moreover, Plaintiffs have retained counsel that has considerable experience and success in prosecuting complex civil litigation, class action, and mineral rights claims.

31. Superiority. A class action is superior to all other available methods for fairly and efficiently adjudicating the claims of Plaintiffs and the Class members. Plaintiffs and the Class members have been harmed by the Defendants' wrongful actions. Litigating this case as a class action will reduce the possibility of repetitious litigation, inconsistent or varying adjudications, and/or incompatible standards of conduct for the parties opposing the class. Moreover, the Defendants have acted on grounds generally applicable to the class, thereby making final declaratory relief appropriate with respect to the class as a whole.

32. A class action is an appropriate method for the fair and efficient adjudication of this controversy. There is not a special interest in the members of the Class individually controlling the prosecution of separate actions. Class treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effect and expense that numerous individual actions would entail.

33. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Furthermore, the Defendants will not be prejudiced or inconvenienced by the maintenance of this class action in this forum.

34. Class certification, therefore, is appropriate under Rules 23(a) and 23(b)(1)(A) of the Ohio Rules of Civil Procedure.

35. Class certification, therefore, is also appropriate under Rules 23(a) and 23(b)(2) of the Ohio of Civil Procedure.

36. Moreover, Class certification, therefore, is appropriate under Rules 23(a) and 23(b)(3) of the Ohio Rules of Civil Procedure.

## COUNT I-BREACH OF CONTRACT- BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

37. The Plaintiffs re-allege and incorporate by reference the previous paragraphs of this complaint as if specifically set out herein.

38. The deduction of post-production costs from the royalty share by the Defendants is improper and illegal.

39. The Defendants have breached the oil and gas lease agreement at issue in this case by deducting post-production costs from the mineral owner's royalty share when the oil and gas lease agreement does not provide for the deduction of such alleged costs.

40. The Plaintiffs have been damaged by the Defendants' actions by not receiving the full amount of royalty proceeds that they are entitled to under the lease agreement that they executed.

41. Implied in the subject oil and gas lease agreement(s) was a covenant requiring the lessee to act in good faith and fairly towards the oil and gas lessor.

42. The actions of the Defendants in deducting post-production costs from the lessor royalty share when the oil and gas lease agreement precluded the deduction of such costs demonstrates a breach of the implied covenant of good faith and fair dealing the Defendants owed to the Plaintiffs and the class members.

43. The actions of Defendant XTO in providing the named Plaintiffs with incorrect and improper information about the lease language at issue in this case and an improper and incorrect interpretation of the lease language at issue in this case demonstrates addition bad faith and a lack of fair dealing with the named Plaintiffs.

## COUNT II -UNJUST ENRICHMENT

44. The Plaintiffs re-allege and incorporate by reference the previous paragraphs of this complaint as if specifically set out herein.

45. The Defendants received a benefit from the Plaintiffs and Class members by subtracting post-production costs which were not permitted to be deducted from the lessor's royalty share.

46. The Defendants recognized and had actual knowledge that they were receiving a benefit when they improperly deducted post-production costs from the royalty share of the oil and gas lessors.

47. The aforementioned benefits were received and retained by the Defendants under such circumstances that it would be inequitable and unconscionable to permit the Defendants to avoid payment for post-production costs that were being illegally taken from the Plaintiffs' and Class members' royalty payments.

### COUNT III- CONVERSION

48. The Plaintiffs re-allege and incorporate by reference the previous paragraphs of this complaint as if specifically set out herein.

49. The Plaintiffs owned mineral rights and had the right to receive full payment for their royalty interest.

50. The Defendants wrongfully and intentionally kept and withheld payments, benefits and property rights rightfully due and owing the Plaintiffs through the retention and deduction of post-production costs from the royalty share payable to the Plaintiffs.

51. The Plaintiffs have been damaged through the Defendant's conversion in that they have not received monies that were due and owing to them and have been prevented from using said monies for their own personal purposes including but not limited to the investment of those monies.

52. The Defendants' intentional and willful acts of conversion of the Plaintiffs' property were done with actual malice and/or such a conscious disregard for the rights of other persons that they a great probability of causing substantial harm. The Defendants' actions were based in a conscious wrongdoing that was deliberate and/or intentional.

53. Punitive damages are appropriate to punish and deter the Defendants conduct and to prevent future similar conduct by other individuals and/or entities.

## COUNT IV- BREACH OF FIDUCIARY DUTY

54. The Plaintiffs re-allege and incorporate by reference the previous paragraphs of this complaint as if specifically set out herein.

55. The relationship that existed between the Defendants and the Plaintiffs and the Class created fiduciary duties and responsibilities by the Defendants towards the Plaintiffs.

56. The Defendants' actions in deducting post-production costs when the oil and gas lease language at issue did not permit such deductions demonstrates that the Defendants failed to meet and follow their fiduciary responsibilities.

57. The Plaintiffs and the class members have been proximately injured and damaged by the actions of the Defendants in failing to meet their fiduciary responsibilities.

58. Upon information and belief, the Defendants intentionally, deliberately, and/or reckless deducted post-production costs from the royalty share of the Plaintiffs and the class members when it knew or should have known that the lease language at issue did not permit such deductions.

59. The Defendants actions were done with actual malice and/or such a conscious disregard for the rights of other persons that they a great probability of causing substantial harm. The Defendants actions were based in a conscious wrongdoing that was deliberate and/or intentional.

60. Punitive damages are appropriate to punish and deter the Defendants conduct and to prevent future similar conduct by other individuals and/or entities

### COUNT V- DECLARATORY JUDGMENT

61. The Plaintiffs re-allege and incorporate by reference the previous paragraphs of this complaint as if specifically set out herein.

62. The oil and gas lease at issue provides that the lessor's royalty share shall be based upon "the revenue realized by Lessee for all gas and the constituents thereof produced and marketed from the Leasehold."

63. The term "revenue" in its common dictionary, legal and accounting definitions means total income, gross income, gross receipts, and/or the total income produced by a given source.

64. The Plaintiffs and class members seek a declaration that the oil and gas lease language at issue does not permit the deduction of post-production costs from the lessor's royalty share.

65. The Plaintiffs and class members seek a declaration that it is not appropriate or permissible for any current or future oil and gas operator under the lease agreement to deduct post-production costs from the lessor's royalty share.

### RELIEF SOUGHT

66. The Plaintiffs seek the return, with interest, of any and all amounts which have been deducted from their royalty share for any alleged post-production cost.

67. The Plaintiffs seek their necessary and reasonable attorney fees and costs occasioned by the Defendants' breach of their contractual obligations to pay the Plaintiffs their royalty share based on the "revenue" received.

68. The Plaintiffs seek their necessary and reasonable attorney fees and costs as permissible under Ohio law related to awards of punitive damages.

69. The Plaintiffs have experienced annoyance, inconvenience, and mental and emotional anguish as a result of the deliberate and intentional acts of the Defendants in deducting post-production costs and Defendant XTO's improper attempts to avoid complying with the lease agreement.

70. The Plaintiffs are entitled to recover punitive damages from the Defendants in order to punish them and to deter them and other individuals and/or entities from engaging in similar conduct in the future

71. The Plaintiffs seek a declaration that the Defendants are not permitted to deduct any alleged post-production cost from the lessor's royalty share under the lease language at issue in this case.

WHEREFORE, the Plaintiffs respectfully pray that judgment be entered against the Defendants, XTO Energy, Inc. and Ascent Resources, Utica, LLC, for compensatory damages in an amount in excess of $25,000.00, for punitive damages in an amount in excess of $25,000.00, for prejudgment and post-judgment interest, attorneys' fees and costs expended in this action, for declaratory relief that the defendants and/or any future assignee of the defendants are not permitted to deduct post-production costs from the royalty share of lessees with the applicable lease language and any other specific and/or general relief as may become apparent as this matter progresses and such other relief as this Court deems proper.

A TRIAL BY JURY IS DEMANDED ON ALL ISSUES.

BARBARA FEHER AND
JOHN FEHER, Plaintiffs,

BY: *(signature)*
Jeremy M. McGraw #0083313
BORDAS & BORDAS, PLLC
1358 National Road
Wheeling, WV 26003
304-242-8410
jmcgraw@bordaslaw.com
*Counsel for Plaintiffs*



BORDAS
AND
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

State of Ohio
Belmont County
David S. Trouten Jr, Clerk of Courts, do hereby certify that the above is a true and correct copy of the original on file in this office.

David S. Trouten Jr, Clerk of Courts
By: *(signature)* Deputy

14

**EXHIBIT 2**

# 18 CV 0178

| | | | | | |
|---|---|---|---|---|---|
| **Case Type** | Civil | **Case Status:** | Open | **File Date:** | 05/03/2018 |
| **DCM Track:** | Equity Complaint | **Status Date:** | 05/03/2018 | **Case Judge:** | |
| **Action:** | Fregiato, Frank A | **Next Event:** | | | |

**All Information** | Party | Docket | Financial | Disposition

## Party Information

**FEHER, BARBARA E** - Plaintiff

| Disposition | | Alias | |
|---|---|---|---|
| Disp Date | | | |
| | | **Party Attorney** | |
| | | Attorney | McGraw, Jeremy M |
| | | Address | Phone |

More Party Information

**Feher, John** - Plaintiff

| Disposition | | Alias | |
|---|---|---|---|
| Disp Date | | | |
| | | Party Attorney | |

More Party Information

**XTO Energy Inc** - Defendant

| Disposition | | Alias | |
|---|---|---|---|
| Disp Date | | | |
| | | Party Attorney | |

More Party Information

**Ascent Resources Uitca LLC** - Defendant

| Disposition | | Alias | |
|---|---|---|---|
| Disp Date | | | |
| | | Party Attorney | |

More Party Information

## Docket Information

| Date | Description | Docket Text |
|---|---|---|
| 05/03/2018 | Complaint | Complaint filed.  Receipt: 174896  Date: 05/03/2018 |
| 05/03/2018 | Case Initiation Fees | Case Initiation Fees |
| 05/03/2018 | Certified Mail-CP | Issue Date:  05/03/2018<br>Service:  Summons on Complaint for Multiple Parties<br>Method:  Common Pleas- Certified Mail<br>Cost Per:  $8.00<br><br>XTO Energy Inc<br>Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, OH  43215<br>Tracking No: 7160390198442790893<br><br>Ascent Resources Uitca LLC<br>Capitol Corporate Services Inc<br>4568 Mayfield Rd Ste 204<br>Cleveland, OH  44121<br>Tracking No: 7160390198442790894 |
| 05/03/2018 | Summons on Complaint | Summons on Complaint<br><br>Summons on Complaint<br>Sent on:  05/03/2018  14:27:59.36 |

| Date | Description | Docket Text |
|---|---|---|
| 05/10/2018 | Return Receipt | Return Receipt<br>Method  : Common Pleas- Certified Mail<br>Issued   : 05/03/2018<br>Service  : Summons on Complaint for Multiple Parties<br>Served   : 05/07/2018<br>Return   : 05/10/2018<br>On       : Ascent Resources Uitca LLC<br>Signed By :<br><br>Reason   : Successful (CP)<br>Comment  : signature illegible<br><br>Tracking #: 7160390198442790894 |
| 05/14/2018 | Return Receipt | Return Receipt<br>Method  : Common Pleas- Certified Mail<br>Issued   : 05/03/2018<br>Service  : Summons on Complaint for Multiple Parties<br>Served   : 05/08/2018<br>Return   : 05/14/2018<br>On       : XTO Energy Inc<br>Signed By : Deanne E Schausell<br><br>Reason   : Successful (CP)<br>Comment  :<br><br>Tracking #: 7160390198442790893 |

### Financial Summary

| Cost Type | Amount Owed | Amount Paid | Amount Adjusted | Amount Outstanding |
|---|---|---|---|---|
| Cost | $175.00 | $92.00 | $0.00 | $83.00 |
|  | **$175.00** | **$92.00** | **$0.00** | **$83.00** |

### Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Undisposed |  | Fregiato, Frank A |