IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**BARBARA FEHER**, *et al.*,

    **Plaintiffs,**

                                              Case No. 2:18-cv-558
                                              JUDGE GEORGE C. SMITH
    v.                                      Magistrate Judge Vascura

**XTO ENERGY, INC.**, *et al.*,

    **Defendants.**


**OPINION AND ORDER**

Plaintiffs Barbara Feher and John Feher initiated this action against Defendants XTO Energy Inc. ("XTO") and Ascent Resource – Utica, LLC ("Ascent") on May 3, 2018, in the Belmont County Court of Common Pleas. Defendants removed the action to this Court on the basis of diversity jurisdiction. This matter is before the Court on Plaintiffs' Motion to Remand. (Doc. 4). Defendants filed a Response in Opposition (Doc. 7), and Plaintiffs filed a Reply (Doc. 9). This matter is ripe for review. For the reasons that follow, Plaintiffs' Motion to Remand is **DENIED**.

                **I.**      **BACKGROUND**

Plaintiffs are citizens of Ohio. Defendant XTO is a corporation that is incorporated in the state of Delaware, with its principal place of business in Fort Worth, Texas. Ascent is a corporation that is incorporated in the state of Oklahoma, with its principal place of business in Oklahoma City, Oklahoma.

On May 3, 2018, Plaintiffs brought the instant action in the Belmont County Court of Common Pleas. In their Complaint, Plaintiffs allege breach of contract and related claims arising out of an oil and gas lease agreement executed on August 16, 2006. (Doc. 2, Compl. ¶ 4). Plaintiffs seek to recover "compensatory damages in an amount in excess of $25,000.00," as well as "punitive damages in an amount in excess of $25,000.00." (Doc. 2, Compl. at ¶71). On June 6, 2018, Defendants removed this action on the basis of diversity jurisdiction. (Doc. 1). On June 20, 2018, Plaintiffs filed the Motion to Remand, asserting that "Federal jurisdiction is lacking because the defendants have failed to establish that the amount in controversy actually exceeds $75,000." (Doc. 4). Plaintiffs do not dispute that there is diversity of citizenship for the purposes of diversity jurisdiction.

## II. STANDARD OF REVIEW

Generally, a defendant may remove a civil case brought in a state court to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). A federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interests. 28 U.S.C. § 1332(a); *Rogers*, 239 F.3d at 871.

"To remove a case from state court to federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014) (quoting 28 U.S.C. § 1446(a)). When a plaintiff's complaint fails to contain a good-faith demand for monetary relief of a stated sum, the defendant's notice of removal may state the amount in controversy. *Id.* (citing 28 U.S.C. § 1446(c)(2)). The removing defendant's "short and plain" statement of the grounds for removal "need not contain evidentiary submissions." *Id.*

2

"The burden of persuasion for establishing diversity jurisdiction . . . remains on the party asserting it." *Hertz Corp. v. Friend,* 559 U.S. 77, 96 (2010) (citations omitted). When allegations of jurisdictional facts are challenged, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee,* 135 S. Ct. at 554; *see also Hertz Corp*, 559 U.S. at 96–97 ("When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof"). "In gauging the amount in controversy, courts view the claims from the vantage point of the time of removal." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).

### III. DISCUSSION

Plaintiffs seek to remand this case arguing that Defendants have failed to meet their burden of proof in establishing the amount in controversy exceeds $75,000. Defendants respond that they have established that the Fehers' compensatory damages, if successful, could total $33,556.17, and they may recover twice that, or $67,112.34, in punitive damages, for a total potential recovery of $100,668.51.

The Court finds that Defendants have satisfied their burden to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000. As a threshold matter, Plaintiffs' request for an amount "in excess of $25,000.00" (Doc. 2, Compl. ¶ 71), does not constitute a stated sum that the court can deem the amount in controversy. *See Davis v. Kindred Nursing Centers East, L.L.C.*, No. 2:05-cv-1128, 2006 WL 508802, at *2 (S.D. Ohio Mar. 2, 2006) (Graham, J.) ("The amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." (citation omitted)). This Court must therefore consider the allegations and claims asserted in the

Complaint together with the parties' evidentiary submissions. *Dart Cherokee,* 135 S. Ct. at 554 (holding that trial courts must consider parties' submissions of proof when the amount in controversy is challenged); *Shupe v Asplundh Tree Expert Co.*, 556 F. App'x 476, 478 (6th Cir. 2014) ("A court must conduct a fair reading of the allegations in the complaint to determine the amount in controversy.") (internal quotation marks and citations omitted).

Here, a "fair reading" of the Complaint, together with Defendants' evidentiary submission, leads to the conclusion that it is more likely than not that the amount in controversy exceeds $75,000. Plaintiffs seek compensatory and punitive damages for Defendants alleged breach of contract, including deducting post-production costs from the royalty share on an oil and gas lease that Plaintiffs assert is not authorized under the lease agreement. Defendants submit the affidavit of Ryan Dewey, Revenue Accounting Supervisor for XTO, who states that "XTO's calculation of the Fehers' share of 'revenue realized by XTO for all gas and the constituents thereof produced and marketed from the Leasehold' is net of approximately $33,556.17 in costs related to gathering and transportation." (Doc. 7-1, Dewey Aff. at ¶ 8). Further, Defendants assert that Plaintiffs may recover twice that, or $67,112.34, in punitive damages, for a total recovery of $100,668.51.

Plaintiffs have failed to offer any evidence to counter Defendants' assertions. Plaintiffs have not pled nor set forth in their briefing the total amounts they claim were wrongfully withheld from their royalty payments. Because Plaintiffs seek to recover an unspecified amount, Defendants need only show that it is more likely than not that the amount exceeds $75,000 in order to meet the federal jurisdictional amount.

In summary, the Court is persuaded that Plaintiffs' alleged compensatory and punitive damages more likely than not exceed $75,000. *See Conrad v. McDonald's Corp.*, No. 2:15-cv-3127, 2016 WL 1638889, at *4 (S.D. Ohio Apr. 26, 2016) (Kemp, M.J.), *adopted and aff'd*, 2016 WL 2853594 (S.D. Ohio May 16, 2016) ("Whether [the plaintiff's] claims will ultimately be successful is not relevant for the purposes of determining the amount in controversy, but a fair reading of the complaint must demonstrate that, if successful, it is more likely than not that damages will exceed the required amount."). Although Plaintiffs' Complaint does not set forth with specificity the amount of monetary damages he seeks, a "fair reading" of the Complaint, together with Defendants' evidence, satisfies Defendants' burden of establishing that it is more likely than not that the amount in controversy exceeds $75,000. Therefore, Plaintiffs' Motion to Remand is hereby **DENIED**.

## IV. CONCLUSION

In summary, for the reasons set forth above, Plaintiffs' Motion to Remand is **DENIED.** In addition to the Motion to Remand, Plaintiffs moved this Court to stay briefing on Defendants' Motion to Compel Arbitration until the ruling on the Motion to Remand. In light of this ruling, Plaintiffs' Motion to Stay is **DENIED AS MOOT**. Plaintiffs shall file their responsive brief to Defendants' Motion to Compel Arbitration on or before August 17, 2018.

The Clerk shall remove Documents 4 and 6 from the Court's pending motions list.

**IT IS SO ORDERED.**

                                           *s/ George C. Smith*
                                           **GEORGE C. SMITH, JUDGE**
                                           **UNITED STATES DISTRICT COURT**